DAWN M. WALTERS,
4206 Iona Way
Knoxville, TN 37912

    Plaintiff,

vs.

SERVICE MANAGEMENT SYSTEMS, INC
7135 Charlotte Pike, Suite 100
Nashville, TN 37209

    Statutory Agent:
    CT CORPORATION SYSTEM
    800 S. Gay Street, Suite 2021
    Knoxville, TN 37929

    Defendant.

Case No: 3-284-93

Judge:

JURY DEMANDED

## COMPLAINT

DAWN M. WALTERS, by and through her attorneys, GIBBS & ASSOCIATES LAW FIRM, LLC, for her Complaint against Defendants, SERVICE MANAGEMENT SYSTEMS, states:

### INTRODUCTION

1. This is an action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Tenn. Code Ann. § 4-21-401, to challenge Defendant's intentional religious discrimination and retaliation. Defendants failed to accommodate Plaintiff's sincerely held religious belief against working on Sunday and abruptly terminated Plaintiff.



## JURISDICTION AND VENUE

2. This action raises state and federal questions under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. These claims are properly challenged pursuant to state and federal law, particularly 42 U.S.C. §§ 1983 and 1988, 42 U.S.C. § 2000e-5(f), and Tenn. Code Ann. § 4-21-401.

3. Venue is proper in the Circuit Court of Knox County, Tennessee, in that the unlawful employment practices alleged herein were committed within the geographical jurisdiction of this court.

4. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(e) and (f) have been satisfied, to wit: Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about September 20, 2012, which is within 180 days of the commission of the unlawful employment practice alleged herein; the EEOC issued a Notification of Right to Sue on March 7, 2013; and this Complaint has been filed within 90 days of receipt of the Notification of Right to Sue.

## THE PARTIES

5. Plaintiff is and was at all times relevant to this Complaint a resident of Knox County, Tennessee.

6. Defendant is a for profit corporation located in the State of Tennessee, existing under the Constitution and laws of the State of Tennessee, and is a corporate entity capable of suing and being sued. Defendant's corporate office is located in Nashville, Tennessee and their operations that are

paramount to this Complaint are located at West Town Mall, 7600 Kingston Pike, Knoxville, TN 37919, in Knox County.

7. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce, has 15 or more employees for each working day of at least 20 weeks during this and preceding years and is, therefore, subject to the requirements of Title VII.

8. At all times relevant herein, and before termination from employment, the Plaintiff was an Employee of Defendant.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff is a member of a Christian church. She is a "born-again" Christian, which means that she believes that Jesus Christ is God and is relying on Him as the way to heaven. As such, she holds the sincere religious belief that she must observe Sunday as the holy Sabbath and refrain from working on that day.

10. Plaintiff's sincere religious belief that she observe Sunday as the Sabbath and a day of rest mandates that Plaintiff attend church on Sunday to worship God through corporate and individual prayer and song, meet and interact with other Christians, receive spiritual instruction, and refrain from working.

11. Plaintiff was employed at Service Management Systems at the West Town Mall as a Housekeeper beginning on June 6, 2012.

12. At the time of her application, Plaintiff advised Defendant of her sincerely held religious beliefs regarding working on Sunday and requested Sundays off as a reasonable accommodation.

3

13. Plaintiff's first three managers, Steve (LNU), Wayne (LNU), and Dwight (LNU) granted Plaintiff's requested accommodation.

14. As a result of Plaintiff's accommodation being granted, some of Plaintiff's co-workers began to harass her.

15. Wayne (LNU) discussed Plaintiff's accommodation and encouraged her not to worry about the accommodation because the law protected her ability to not work on Sunday because of her religious beliefs.

16. On or about August 3, 2012, Wayne reaffirmed Plaintiff's accommodation request as being granted.

17. On or about August 5, 2012, Dwight (LNU) assumed the position of manager for the West Town Mall location.

18. Dwight scheduled Plaintiff to work on Sunday, August 5, 2012 without knowing of the accommodation request.

19. Plaintiff spoke with Dwight and explained her religious accommodation request to which Dwight instructed her to fill out the religious accommodation form.

20. Plaintiff submitted a written accommodation request on or about the week of August 5, 2012.

21. Dwight confirmed he would abide by the accommodation request that was submitted on Plaintiff's original application.

22. As a result of the harassment Plaintiff was experiencing from co-workers, namely Brenda Mynatt, on or about August 30, 2012, Plaintiff sought guidance regarding her rights to a religious accommodation.

4

23. On or about August 30, 2012, Plaintiff received a letter outlining her rights to a religious accommodation from an attorney.

24. On or about August 31, 2012, Plaintiff showed her manager Raymond (LNU) the letter she received explaining her rights to a religious accommodation.

25. Raymond (LNU) indicated he needed to talk to his superiors.

26. Plaintiff requested Raymond's email address in order to forward him the letter; however, Raymond indicated he did not need the email.

27. Raymond approached Plaintiff and asked her to fill out the religious accommodation form again and Plaintiff complied, submitting the form on or about the 31st day of August, 2012.

28. During the time Plaintiff was filling out her third accommodation request, Plaintiff witnessed Raymond and Brenda Mynatt sitting in the food court drafting multiple "write ups" for Plaintiff for things that had happened in the past and no "write ups" had been given.

29. The "write ups" were a poor attempt to justify the wrongful termination of Plaintiff.

30. An hour and a half after showing the email to Raymond regarding her rights to a religious accommodation and submitting a third written request for an accommodation, Raymond summoned Plaintiff to his office and terminated her, having her escorted out of the building by a security officer.

31. As a result of the Defendant's actions, Plaintiff has suffered pecuniary losses to date, future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

5

Case 3:13-cv-00408-HSM-HBG   Document 1-2   Filed 07/12/13   Page 5 of 8   PageID #: 10

32. Plaintiff filed a complaint with the EEOC on or about September 20, 2012. On March 7, 2013, the EEOC issued Plaintiff a Notice of Right to Sue.

## COUNT ONE – VIOLATION OF TITLE VII
### 42 U.S.C. § 2000e *et seq.* – Tenn. Code Ann. § 4-21-401

33. Plaintiff incorporates the allegations contained within Paragraphs 1 through 32.

34. Plaintiff has a sincerely held religious belief to observe Sunday as the holy Sabbath and to refrain from working on that day.

35. Plaintiff's sincerely held religious belief conflicts with a term or condition of her employment, of which the Defendant had notice.

36. Defendant violated their affirmative duty to reasonably accommodate Plaintiff's religious observance and practice, absent undue hardship, in contravention of 42 U.S.C. § 2000e(j).

37. Plaintiff was terminated from her employment and discriminated against by Defendant with respect to her compensation, terms, conditions, or privileges of employment because of her sincerely held religious beliefs, in contravention of 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(j).

38. Defendant's actions were willing, intentional, and with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT TWO – RETALIATION
### 42 U.S.C. § 2000e-3(a)

39. Plaintiff incorporates the allegations contained within Paragraphs 1 through 38.

40. Plaintiff engaged in activity protected by Title VII by opposing Defendant's discriminatory practice of not accommodating Plaintiff's sincerely held religious beliefs.

41. Plaintiff was terminated as a result of her insistence on having her sincerely held religious belief accommodated.

42. Plaintiff's termination was effective within hours of Plaintiff showing her manager a letter from an attorney explaining her legal rights to have her sincerely held religious belief accommodated.

43. Plaintiff's termination was unquestionably linked to her participation in the protected activity.

## **PRAYER FOR RELIEF**

44. WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

   a. Declare that Defendant's policy or practice, described in this Complaint, violates 42 U.S.C. § 2000e-2(a)(1);

   b. Declare that Defendant's policy or practice, described in this Complaint, violates 42 U.S.C. § 2000e-3(a);

   c. Award compensatory damages to Plaintiff for all earnings, wages, and other benefits she would have received, including front pay and back pay, but for the discriminatory practices of Defendant;

   d. Award punitive damages to Plaintiff; and

e. Award Plaintiff the reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k).

f. Grant such other and further relief as this Court shall deem just and equitable.

### JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

Gibbs & Associates Law Firm, LLC

_____
Russell L. Ellis (TN Bar # 029144)
David C. Gibbs, Jr. * (OH Bar # 0013362)
Seth J. Kraus * (OH Bar #0084003)
5700 Gateway Blvd., Suite 400
Mason, Ohio 45040
Telephone: (513) 234-5545
Facsimile: (513) 298-0066
Email: rellis@gibbs-lawfirm.com
Attorneys for Plaintiff Dawn Walters

*Not licensed in this jurisdiction but filing Pro Hac Vice motions with this Court